Ray MARSHALL, Secretary of Labor, United States Department of Labor

v.

Hope Garcia LANCARTE d/b/a Joe T. Garcia's Mexican Dishes.

Civ. A. No. 4–76–266–E.

United States District Court, N. D. Texas, Fort Worth Division.

Jan. 16, 1980.

William J. Kilberg, Ronald M. Gaswirth, William E. Everheart by Robert E. Luxen, Dallas, Tex., for plaintiff.

Edward L. Kemble and Donald K. Buckman, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., for defendant.

ORDER

MAHON, District Judge.

This action is before the Court on the Secretary's motion to amend his notice of appeal or in the alternative for an extension of time to file a notice of appeal. After careful consideration of the record, the Court has determined in the exercise of its discretion that the relief request by the Secretary must be denied.

I.

The following facts are not disputed.

1. On October 9, 1979, the Court entered judgment in CA 4–76–266–E. On the same day the Court also entered judgment in CA 4–77–160–E. Both actions involve the same parties, and both involve violations of federal labor laws.

2. December 10, 1979, was the deadline for the Secretary to file a notice of appeal from either of the judgments.

3. On December 10, 1979, the Secretary filed a notice of appeal in CA 4–77–160–E.

The Secretary did not want to appeal this judgment.

4. On December 12, 1979, the Secretary filed in CA 4–76–266–E a motion requesting that he be allowed to amend the notice of appeal that he filed in CA 4–77–160–E by changing the number from CA 4–77–160–E to CA 4–76–266–E. Alternatively, the Secretary requested an extension of time in which to file a notice of appeal in CA 4–76–266–E.

5. On December 17, 1979, the Secretary caused to be filed the affidavit of his attorney, Thomas M. Tompkins. Tompkins states, in part:

1. He is an attorney in the office of the Regional Solicitor, United States Department of Labor, appearing in this cause on behalf of the plaintiff/appellant. Ray Marshall, Secretary of Labor, United States Department of Labor. [sic]

2. The above styled cause was assigned to affiant for handling upon the departure from the office of the Regional Solicitor of Mr. Robert Luken, Esquire.

\* \* \* \* \* \*

7. On December 6, 1979, affiant, on behalf of the plaintiff appellant herein, prepared a notice of appeal and motion for extension of time for transmitting the record on appeal for filing in Civil Action No. CA 4–76–266E., which notice and motion incorrectly bore the docket number for Civil Action No. CA 4–77–160E. Said notice and motion were transmitted together with an order relating to said motion, to this court by express mail on December 7, 1979 and filed with this court on December 10, 1979.

8. Plaintiff/Appellant had no intention to appeal the Court's judgment in Civil Action No. C.A. 4–77–160E but did intend to appeal the court's judgment in Civil Action No. CA 4–76–266E, both of which intentions were clearly communicated to and understood by attorneys for defendant, Lancarte.

9. It was through inadvertence and clerical error that above set forth appeal, motion and proposed order bore the docket number for Civil Action No. CA 4–77–

160E rather than the docket number for Civil Action No. CA 4–76–266E.

\* \* \* \* \* \*

11. Affiant believes said error in docketing the notice of appeal is excusable in that:

a. Judgments in both causes, above set forth, were issued by the court on the same day, October 9, 1979, concerned the identical parties and involved alleged violations of the Fair Labor Standards Act;

b. Said causes were handled simultaneously by counsel for plaintiff/appellant;

c. Designation of wrong docket number constitutes nothing more than clerical error.

6. On December 20, 1979, the defendant filed her opposition to the Secretary's motion.

## II.

The Court is without authority to allow the amendment of the notice of appeal which the Secretary has requested. The Secretary argues that Rule 15 of the Federal Rules of Civil Procedure permits amendment. Rule 15, however, governs the amendment of pleadings and does not on its face apply to amendment of a notice of appeal; nor has the Court found any instance in which such an amendment has been based upon the authority provided by Rule 15. The Court holds that Rule 15 of the Federal Rules of Civil Procedure is inapposite to the situation presented by the Secretary's motion to amend.

It is clear that certain amendments to a notice of appeal are permissible. *Preble v. Johnson*, 275 F.2d 275, 277 (10th Cir. 1960). *See also Wyse v. Pioneer-Cafeteria Feeds, Ltd.*, 340 F.2d 719, 725 (6th Cir. 1965). The amendments allowed in these cases, however, have corrected descriptions of the orders appealed from. The Court has found no case in which an amendment has been permitted to change the designation of the action being appealed. Moreover, in those cases, the amendments were permitted by a

court of appeals rather than by the district court.

Finally, the amendment requested by the Secretary is particularly inappropriate in view of the requirements of Fed.R.App.P. 4(a)(5). To permit the Secretary to amend his notice by changing the number to that of another action in which the time for filing the notice has expired would thwart the purposes of Appellate Rule 4(a)(5).

### III.

Appellate Rule 4(a)(5) has recently been amended to provide:

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon a motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Prior to August 1, 1979, Appellate Rule 4(a) provided:

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

The current rule requires the party requesting an extension to show excusable neglect or good cause. Although there is a substantial body of case law discussing the contours of excusable neglect under Appellate Rule 4(a), no reported case has addressed the change in the rule that allows an extension for good cause. The notes of the Advisory Committee on Rules state:

The proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate.

From the Advisory Committee notes it appears that the addition of the good cause standard should not affect the standard previously applied to motions for extension of time filed after the notice of appeal deadline. The Secretary's motion for extension was filed after the deadline, and accordingly, the Court will test the motion by the excusable neglect standard and will apply the prior case law discussing excusable neglect.

The Fifth Circuit has discussed the excusable neglect standard in terms which indicate the broad discretion vested in the district court.

The antecedent to this rule, Fed.R. Civ.P. 73(a), contained a requirement that an extension of time for appeal in civil cases could be granted only "upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment." In 1966 the clause "based on a failure of a party to learn of the entry of the judgment" was deleted. The Advisory Committee note accompanying this change stated that it was for the purpose of empowering the district court to extend the time upon a showing of excusable neglect of any kind, because "the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result." In this same spirit, we view this portion of the rule to vest in district courts a broad discretion as to what neglect in the filing of a notice of appeal ought to be excused for an additional period of time, and would be reluctant to interfere with the trial judge's determination of excusability.

*Gann v. Smith*, 443 F.2d 352 (5th Cir. 1971); accord *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1206 (5th Cir. 1978), cert. denied 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344.

The Courts have generally found clerical errors not to constitute the excusable neglect contemplated by Rule 4(a)(5). The First Circuit has recently discussed several

cases in which that court has tested clerical errors by the excusable neglect standard. *Airline Pilots in Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978).[1] In *Airline Pilots*, the district court granted a motion for extension of time to file the notice of appeal. The First Circuit opinion states:

The reason given by appellee for the late mailing is that:

Through inadvertence or mistake, a secretary in the employ of plaintiff's attorney diaried the date upon which the appeal period expired as September 11th instead of September 1st. As a result plaintiff's attorney believed the period expired on September 11th and that mailing the Notice of Appeal on September 2nd would result in the same being received by the office of the Clerk prior to September 11th.

\* \* \* \* \* \*

Cases from this and other circuits make it clear that a mistake such as this is not excusable neglect within the meaning of the rule. In *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), we stated:

Excusable neglect calls for "circumstances that are unique or extraordinary." (Citations omitted.) If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.

In *Pasquale v. Finch*, 418 F.2d 627 (1st Cir. 1969), we held that a mistake in the handling of the mail within the Justice Department did not come within the provisions of the rule. See also *Flint v. Howard*, 464 F.2d 1084 (1st Cir. 1972), and 9 Moore's Federal Practice § 204.13[1].

A mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule.

Although clerical errors have generally been held not to be excusable neglect,[2] the Court has found a criminal case in which excusable neglect was founded upon facts that appear to be similar to those presented here. In *United States v. Thrower*, 431 F.Supp. 892 (E.D.Penn.1977), Thrower's attorney was simultaneously defending him in two different drug cases pending in the same district. The attorney timely filed a notice of appeal in one case, but due to confusion incident to defending Thrower in the two similar cases, the attorney failed to timely file a notice of appeal in the case before the court. The district court found that Thrower had shown the excusable neglect required for an extension under Appellate Rule 4(b), the rule that governs extensions in criminal appeals. Despite these factual similarities, however, *United States v. Thrower* is readily distinguished from this action. Although Appellate Rules 4(a)(5) and 4(b) utilize identical language, the standard of excusable neglect in civil actions need not necessarily be the same as that used in criminal actions. The difference in the quality of the rights adjudicated in criminal and civil actions warrants a more lenient posture in criminal appeals. Professor Moore, recognizing this distinction, states in his treatise:

It is monstrous to say in any case that a person must lose a valuable right simply because an officer of the court has blundered. That result is tolerated in civil cases only because it is conceived to be desperately necessary if litigation is to end. But "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged."

9 Moore's Federal Practice § 204.19 at 996 (Citation omitted). Additionally, it is important to note that a criminal defendant has only 10 days to file a notice of appeal.

---

1. The Fifth Circuit referenced the *Airline Pilots* opinion approvingly in *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1207 (5th Cir. 1978), *cert. denied* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344.

2. See e. g., *Headlee v. Ferrous Financial Services*, 592 F.2d 1028 (9th Cir. 1979); *Selph v. Council of City of Los Angeles*, 593 F.2d 881 (9th Cir. 1979).

Fed.R.App.P. 4(b). In civil cases the ordinary appellant has 30 days to file a notice of appeal, and the Secretary had 60 days to correctly file his notice in this action. Fed. R.App.P. 4(a)(1). These distinctions minimize the extent to which the Court can rely upon *United States v. Thrower*, to guide its discretion in this action.

After careful consideration of the record and the case law, the Court has determined that the Secretary's motion should be denied. The Secretary's abortive attempt to appeal this action shows a course of neglectful conduct which the Court deems to be inexcusable. The defective notice was filed on the last day possible under the Federal Rules. Fed.R.App.P. 4(a)(5) and 26(a). Due to an inadvertent clerical error, the notice was filed in the wrong case. Concurrently with the filing of the notice, the Secretary filed a motion to extend the time for transmitting the record on appeal; this Court, however, has been without authority to grant such a motion since Appellate Rule 11(d) was abrogated effective August 1, 1979. The first brief in support of the motion to amend or for an extension of time to file (which is signed by a different attorney than the attorney who filed the defective notice of appeal) refers the Court to the prior Appellate Rule 4(a) and gives every indication that the author is unaware that the rule has been amended. The Secretary's second brief (signed by the attorney who filed the notice of appeal) fails to correct this error. The Court on occasion has ignored greater errors by attorneys practicing before it, and it recognizes that "people who do things, make mistakes." But in assessing whether the mistake made in this action is excusable, the Court notes that the attempted appeal is marked by an almost studied lack of attention to the details required either to perfect the appeal or to resurrect the appeal after the fatal mistake had been made.

The Court perceives no reason to treat this clerical error differently than those described in *Airline Pilots*, and accordingly the Court finds that the failure by the Secretary to timely file the notice of appeal in this action was not the result of excusable neglect.

The Secretary's motion is DENIED.