Cratsley, John C., J.

*359
I. Introduction

This matter arises from an action brought by General Mechanical Contractors, Inc. (hereinafter “General Mechanical”) seeking reimbursement of surety bonds purchased in order to proceed on a construction project in Lexington, Massachusetts. The defendant, CTA Construction Company, Inc. (hereinafter “CTA”), contends that they are not required to reimburse General Mechanical for the surety bonds. CTA contends that their motion for summaiy judgment should be allowed because there are no genuine issues of material fact and CTA is entitled to judgment as a matter of law. For the reasons below, General Mechanical’s Cross Motion for Summaiy Judgment is DENIED and CTA’s Motion for Summaiy Judgment is ALLOWED.

II. Background

The following discussion is based on material in the summaiy judgment record which consists of affidavits, Form of Sub Bid, Forms of General Bid, correspondence, and invoices. In addition, the following discussion relies-on M.G.L.c. 149, §44(F)(2) cl. D, M.G.L.c. 149, §44(E)(2) cl. D, and M.G.L.c. 149, §44(D 3/4).
The parties agree that CTA is a general contractor and General Mechanical is a filed subcontractor on a public construction project in the Town of Lexington, Massachusetts. General Mechanical was required by statute to pre-qualify to bid for the Heating, Ventilation and Air Conditioning portion of the project.[1] On or about May 12, 2005 CTA and General Mechanical entered into a subcontract (hereinafter “Subcontract”). In the Subcontract, General Mechanical provided payment and performance bonds as a part of the Form Subcontract.[2] On or about May 19, 2005, General Mechanical submitted an invoice to CTA in the amount of $23,395.00 for reimbursement of the bond premium. General Mechanical filed this lawsuit as a result of CTA’s refusal to pay the requested reimbursement.
In response to General Mechanical’s lawsuit CTA claims that it is entitled to summary judgment because General Mechanical released all claims, failed to request a change order, and/or General Mechanical is statutorily required to provide the payment and performance bonds.[3]
General Mechanical opposes CTA’s Motion for Sum-maiy Judgment and claims that it is entitled to summary judgment because either the new statute governing payment and performance bonds is ambiguous or the legislature did not intend to change the law regarding payment and performance bonds. Furthermore, they argue there was not a release of all claims and they were not required to file a change order.

III.Standard of Review

Mass.R.Civ.P. 56(b) permits a party to move for summaiy judgment. Pursuant to Mass.R.Civ.P. 56(c):
The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and to admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
It is well established that summaiy judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); see also Doe v. Liberty Mutual Ins. Co., 423 Mass. 366, 368 (1996); SCA Services, Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995); LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Unisys Fin. Corp. v. The Allan R. Hackel Org., 42 Mass.App.Ct. 275, 279-280 (1997). The burden is on the moving party to establish both the absence of any triable issue and his entitlement to judgment in his favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Summary judgment is appropriate only where there are no unresolved issues of material fact and the moving party is entitled to judgment as matter of law. See Choquette v. Isacoff, 65 Mass.App.Ct. 1, 3 (2005). “The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact.” Moran v. Gala, 66 Mass.App.Ct. 135, 139 n.8 (2006) (quoting Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002)).
The evidence is viewed in the light most favorable to the nonmoviiig party. See Moran, 66 Mass.App.Ct. at 139. A party defending against a claim can prevail on summaiy judgment by showing that an essential element is “unlikely to be forthcoming at trial.” Coughlin v. Titus & Bean Graphics, Inc., 54 Mass.App.Ct. 633, 634 (2002) (quoting Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991)).

IV.Discussion

In its Motion for Summary Judgment CTA makes three arguments which it claims entitle it to summaiy judgment. For the purposes of this decision, only one of their arguments needs to be reviewed in depth. At the heart of this litigation is the question of who bears the responsibility to pay the payment and performance bonds of a sub-contractor on a public construction project. In July of 2004, the Massachusetts legislature rewrote parts of M.G.L.c. 149, §44 which governs bidding on public construction projects. The legislature intended to reform public construction projects to produce a more efficient and higher quality of work on public construction projects in the Commonwealth.[4] In this Act, which was signed into law on July 19, 2004, the legislature created higher standards for general bidders and sub-bidders including a prequalification process, a certification process, and *360 surety bond protections. In this Court’s opinion, the statute switches the responsibility to pay the surety bond from the general bidder to the sub-bidder in projects in which prequalification of sub-bidders is necessary.[5]
Among the revised parts of the statutes, a change was made to M.G.L.c. 149, §44(D). This statute was amended to include a section which now requires filed sub-bidders to furnish payment and performance bonds on projects where prequalification is required by statute. The statute states:
(a) ... an awarding authority on contracts subject to section 44A which are estimated to cost not less than $10,000.000 shall prequalify subcontractors to submit sub-bids in accordance with the provisions of subsections (a)-(j) . . . M.G.L.c. 149, §44(D 3/4)(a).
(e) Mandatory Requirement for which no points are assigned. A commitment letter for payment and performance bonds at 100 percent of the estimated contract value from a surety company licensed to do business in the Commonwealth . . . M.G.L.c. 149, §44(D 3/4) (e)(4).
Furthermore, the statute also provides a Form for Sub-Bid which is mandatory in public construction projects. The Form for Sub-Bid states:
The undersigned agrees that, if he is selected as a sub-bidder, he will... if prequalification is required pursuant to §44(D 3/4), furnish a performance and payment bond of a surety company qualified to do business under the laws of the commonwealth . . .
M.G.L.c. 149, §44(F)(2)D.
It is noteworthy that this language contains none of the text just preceding it describing the situation in which the general bidder “shall pay the premiums therefor...”
In statutory interpretation, statutes must be read according to the legislature’s intent.[6] As previously noted, the legislature rewrote a statute evidencing their intent to revise bidding on public construction projects and to require prefiling sub-bidders on public construction projects, but not general contractors, to provide the payment and performance bonds. The obvious intent of the legislature was to improve the quality of work of sub-bidders on public construction projects in the Commonwealth. The new statute specifically requires any sub-bidder that was required to pre-qualify for bidding[7] to cover the cost of the payment and performance bond on the project. Therefore, in my opinion, General Mechanical, as the filed sub-bidder, is required to provide the payment and performance bonds.
CTA also argues that General Mechanical had released its claim for reimbursement of the bond premium as stated in the General Mechanical Release Form.[8] In addition, CTA argues that General Mechanical was required to submit a Change Order Form for any additions to the Subcontract total. Since this Court bases its decision upon the statutory interpretation of various parts of M.G.L.c. 149, §44,1 need not address CTA’s alternate arguments.
In its Opposition, General Mechanical makes claims that the new statute is ambiguous, that the legislature did not intend to change the law, and that the statute does not definitively change the existing law.[9] It is the opinion of this Court that given the intention of the legislature, those legal arguments cannot prevail. I say this because I find that the legislature intended to place the responsibility on public construction projects for the payment of the bonds on the filed, pre-qualified sub-bidders on public construction projects.
General Mechanical also argues that they have a claim as a third-party beneficiary to the contract. A party not privy to a contract may make a claim on the contract if it is clear on the face of the contract that the contract was made and intended for his benefit.[10] There must be clear and definite intent of the parties to benefit the third party.[11] Based on the summary judgment record in this case, I find that there is no evidence that General Mechanical was an intended beneficiary of the contract. Moreover, there is no evidence that General Mechanical was intended to benefit by not having to pay the surety bonds.

VI. Order

For the foregoing reasons, Defendant’s Motion for Summary Judgment is ALLOWED and Plaintiffs Cross Motion for Summary Judgment DENIED.
Defendant’s Counsel is to submit a proposed form of Final Judgment within 10 days.

See M.G.L.c. 149, §44(D 3/4). This statute requires subcontractors on public construction projects in excess of $10,000,000 to pre-qualify for bidding on the project.

See M.G.L.c. 149, §44(F)(2) cl. D.

See M.G.L.c. 149, §44(D 3/4).

An Act Further Regulating Public Construction Projects in the Commonwealth, 2003 Mass. S.B. 2358. Signed into law July 19, 2004.

See M.G.L.c. 149, §44(D); M.G.L.c. 149, §44(F)(2) cl. D; M.G.L.c. 149, §44(E)(2) cl. D; and M.G.L.c. 149, §44(D 3/4). The interplay between these sections is such that when §44(F)(2) cl. D states “if prequalification is required pursuant to section 44 (D 3/4) . . . ,” it then goes on to say that the sub-bidder shall “furnish a performance and payment bond ...” The only circumstance described in §44(F)(2) cl. D for the general bidder to “pay the premiums therefore” is when the sub-bidder is selected by the general bidder and “requested so to do” (file a bond) in a non-prequalification situation.

Klint v. J&J Associates Inc., et al., 1998 Mass.Super. LEXIS 540 (1998) 9 Mass. L. Rptr. 153).

See M.G.L.c. 149, §44(D 3/4).

See Affidavit of Lyle Coghlin at Exhibit D.

Cook v. Hanover Insurance Co., 32 Mass.App.Ct. 555 (1992).

Miller v. Mooney, 431 Mass. 57, 61 (2000).

 Id.