JACQUELINE A. FERGIONE & another[1] vs. MINUTEMAN REGIONAL VO-
CATIONAL TECHNICAL SCHOOL DISTRICT & others[2]. February 12, 1986.
*Practice, Civil,* Appeal.

In May, 1984, the plaintiffs commenced an action in tort against the
defendants in the Superior Court in Middlesex County. The defendants
moved to dismiss all counts of the complaint. The trial judge allowed the
motion to dismiss on August 15, 1984.[3] A motion to reconsider was filed
but was neither heard nor decided. Judgment of dismissal was entered on
October 5, 1984. On October 17, 1984, the plaintiffs filed a motion to
vacate judgment; this motion was denied on November 26, 1984. On
November 30, 1984, the plaintiffs filed notice of appeal from the judge's
"orders" allowing the defendants' motion to dismiss and denying their
motion to vacate judgment and also for "not acting on their Motion for
Reconsideration." The defendants moved in the Superior Court to dismiss
the appeal, alleging that it was not filed timely under Mass. R. A. P. 4,
as appearing in 378 Mass. 928 (1979). The judge denied the motion. The
defendants renewed their motion to dismiss the appeal before the Appeals
Court. Subsequently, we transferred the case and the motion to this court
on our own motion.

We hold that the plaintiffs' appeal is barred by rule 4 and must be
dismissed. Rule 4 (a) provides in pertinent part: "In a civil case, unless
otherwise provided by statute, the notice of appeal required by rule 3 shall
be filed with the clerk of the lower court within thirty days of the date of
the entry of the judgment appealed from; but if the Commonwealth or an
officer or agency thereof is a party, the notice of appeal may be filed by
any party within sixty days of such entry." The plaintiffs did not file their
notice of appeal until fifty-six days after the entry of judgment. See Mass.
R. Civ. P. 6 (a), 365 Mass. 747 (1974).

The plaintiffs did not address in their brief, or their supplemental brief,
the issue whether their appeal is exempt from the usual thirty-day require-
ment of Mass. R. A. P. 4. The defendants, however, have briefed the issue
of the lack of timely filing of the appeal.[4]

The plaintiffs argued orally, in the alternative, that, even if Minuteman
Regional Vocational Technical School District is not an agency of the

---

[1] Angelo J. Fergione.

[2] Nancy McGrath, James Amara, and Dr. Ronald Fitzgerald.

[3] Some of the underlying facts which appear to have given rise to this complaint
are set forth in *Fergione* v. *Director of the Div. of Employment Sec., ante* 281 (1985).

[4] The plaintiffs claimed in oral argument that they were in compliance with rule
4 because Minuteman Regional Vocational Technical School District is an agency
of the Commonwealth, and that they were therefore entitled to a sixty-day appeal
period from the date of entry of judgment. This issue was not briefed and hence is
waived. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). *Common-
wealth* v. *Appleby,* 389 Mass. 359, 380 (1983). See *Okongwu* v. *Stephens ante* 724
(1986).

Commonwealth, the Superior Court judge properly exercised his discretion under Mass. R. A. P. 4 (c), as appearing in 378 Mass. 928 (1979), to grant them an extension for filing notice of appeal beyond the otherwise applicable thirty-day time period because of "excusable neglect." There are no facts of record in the case at bar that would warrant a finding of excusable neglect on the plaintiffs' part, and they made no showing in that regard. See *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613-614 (1981) (excusable neglect requires circumstances that are unique or extraordinary; it is not meant to afford relief from mistakes by counsel).

Accordingly, the plaintiffs' failure to file timely notice of appeal from the dismissal of their complaint forecloses review of that decision by this court. The appeal is dismissed.

*So ordered.*

*Frederick T. Golder* for the plaintiffs.
*Henry G. Stewart* (*Joanne E. Barker* with him) for the defendants.