STANDARD REGISTER COMPANY, INC. *vs.* BOLTON-EMERSON, INC., & others.[1]

No. 92-P-785.

Essex. October 20, 1993. - December 1, 1993.

Present: GILLERMAN. KAPLAN, & IRELAND, JJ.

*Practice, Civil*, Entry of judgment, Notice of appeal, Enlargement of time.

In a civil action, the defendants' notices of appeal filed February 4, 1992, were timely, where the time for filing the notices under Mass.R.A.P. 4(a) did not run from the date the judgment was rendered, December 31, 1991, but rather from the date of the entry of judgment, which was on or about January 14, 1992 [571-572]; in any event, the delay of several days in the filing of the notices was "excusable neglect" causing the plaintiff no prejudice, and the defendants' motion for an extension of the time to file should have been allowed [572-574].

CIVIL ACTION commenced in the Superior Court Department on September 6, 1989.

The case was heard by *John T. Ronan*, J. Respective motions to dismiss the defendants' appeal, and to extend the time for filing notices of appeal, were heard by *Richard S. Kelley*, J.

*William J. Rooney, Jr.*, for John W. Fitzgerald & another.

*John P. Dennis* for the plaintiff.

*Arthur J. McCabe, II*, for Bolton-Emerson, Inc., joined in a brief.

KAPLAN, J. Standard Register Company had a contract with Bolton-Emerson, Inc., for the latter to build and deliver a "hot-melt coater" machine to be used by Standard for the manufacture of pressure-sensitive labels. The machine was

---

[1]John W. Fitzgerald and Glen I. Urquhart.

not built, and Standard eventually sued Bolton and two of its officers, John W. Fitzgerald and Glen I. Urquhart, on alleged grounds of breach of contract, misrepresentation, etc. After lengthy pretrial proceedings, the action came to trial, jury-waived, in the Newburyport sitting of the Superior Court for Essex County, and resulted in a judgment for the plaintiff against all three defendants. With out-of-pocket losses and lost profits allowed and doubled pursuant to G. L. c. 93A, and interest to the time of judgment and attorney's fees added, the judgment was for more than three million dollars.

Final evidence in the action was submitted on December 13, 1991. Under date of January 14, 1992, the clerk of the Essex County Superior Court at Salem forwarded to the parties copies of the judgment rendered and dated at Newburyport on December 31, 1991; the date January 14, 1992, was inscribed by the clerk at the side of the copy of the judgment (together with the initials of the attorneys in the action). The defendants filed their notices of appeal from the judgment on February 4, 1992.

On March 4, 1992, the plaintiff moved to dismiss the defendants' appeal for untimeliness, asserting that more than thirty days had passed between the date of the judgment and the defendants' filing of their notices of appeal. The defendants opposed the motion, denying untimeliness, and, for safety's sake, provisionally assuming untimeliness, they moved on their own part for an extension of the time to notice their appeals (so as to validate their filing on February 4), claiming excusable neglect. The motions were heard by a judge of the Superior Court (not the trial judge). On May 11, 1992, the judge, without opinion, allowed the plaintiff's motion to dismiss and denied the defendants' motion to extend time. The decision, in both its parts, is here for review.[2]

1. We hold that the notices of appeal were timely filed. Time for filing the notices did not run from the date when

---

[2]We should note that the defendants also applied for relief to a single justice of our court, but that dissipated itself because of supposed difficulties with single justice jurisdiction which need not detain us, leaving for us the two issues mentioned.

the judgment was rendered (December 31, 1991) but from the date of the entry of that judgment on the docket in Salem. For Mass.R.A.P. 4(a), as amended, 395 Mass. 1110-1111 (1985), provides that a notice of appeal "shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from," and Mass.R.Civ.P. 79(a), 365 Mass. 840 (1974), directs the clerk to make entry of judgment and "[t]he entry of an order or judgment shall show the date the entry was made."

The docket in the present case maintained in Salem has a line describing the present judgment in detail, preceded by "1991 Dec. 31." But it is nearly certain that this was not the date of entry; it was simply the date of the judgment. We observe that the judgment here was rendered on New Year's Eve, with all that that implies about the likelihood of immediate entry by the clerk, even if the judgment came into the clerk's office that day. More likely is it that the inscribed date January 14 on the copies of the judgment represents not only the date the copies were sent to the parties but also the actual date of entry of the judgment on the docket (or a date shortly after the actual date of entry). This, indeed, follows from Mass.R.Civ. P. 77(d), 365 Mass. 838 (1974), which directs that "the clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail . . . upon each party . . . ." The clerk's office went wrong in failing to note on the docket the date of entry, as required by rule 79(a), quoted above. (The clerk's office was also at fault in failing to "make a note in the docket of the mailing" of the notice to the parties of the entry of judgment, as also required by rule 77[d].) Taking January 14 (or a prior date not earlier than January 5) to be the date of entry, the defendants' notices of appeal were timely. It is true that the defendants cannot fix with certainty the exact date of the entry of judgment, but enough appears in all the circumstances to justify a conclusion in their favor.

2. If, contrary to the foregoing analysis, December 31, 1991, is taken as the date of entry of the judgment, then the defendants make a good case for an extension of time under

Mass.R.A.P. 4(c), as amended, 378 Mass. 929 (1979): "Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the time otherwise prescribed by this rule." The defendants could reasonably construe the copies of the judgment received by them, bearing the clerk's inscription of the date January 14, as the mailed notice of the entry of judgment, a mailing which, by rule 77(d), as we have seen, is to take place "immediately upon the entry of an order or judgment." The defendants would have no particular occasion to look further and could file their notices of appeal in thirty days, as they did on February 4. If they became concerned that January 14 was merely an arbitrary date, and proceeded to examine the docket, they would read December 31; this they would recognize as almost surely not the date of actual entry. This is turn would tend to confirm or at least not to displace the view that January 14 or an earlier nearby date was the date of actual entry. Of course the defendants might then, out of abundant caution, try to avoid possible trouble by making haste to notice their appeal. But on the whole scenario described, one can say that the problem, such as it was, had its origin in two main faults at the clerk's office: its mailed notice to the parties did not state in terms the information it intended to convey but left it to implication from the inscribed date, and it failed to note on the docket the true date of the entry of judgment. Any fault of the defendants was enmeshed in faults of the clerk's office.[3] On the predicate that the notices of appeal were late, they were late by no more than several days, thus the plaintiff can claim no material prejudice. We conclude that such "neglect" as is attributable to the defendants should be held "excusable." Insofar as the judge below may have exercised discretion in denying

---

[3]We recognize the possibility that such faults may be contributed to by limited resources or shortage of personnel.

the extension of time, we are obliged to say that discretion was abused.[4]

We believe that procedural rules (including administrative directions) should be faithfully followed and derelictions condignly discouraged or sanctioned. But though procedural law has some claims of its own, its main function is to facilitate adjudication on the merits — not to abort such inquiry and decision. The courts of the Commonwealth have long been committed to this understanding of the subject. As applied to appeals, our court has spoken of "the evolving rule that a procedural tangle having its origin in a failure by the court" — here we may include the court clerk — "to observe the mandates of rules will generally be resolved in favor of preserving rights of appeal where this result is technically possible and does not work unfair prejudice to other parties." The court referred to a tangle close to the present: "the promiscuous use of the title, 'Judgment,' one effect of which is to leave the parties in confusion as to when an appeal is called for to save their rights to appellate review." *Krupp* v. *Gulf Oil Corp.*, 29 Mass. App. Ct. 116, 121 & n.6 (1990). The court cites (at 121) several cases illustrative of the "evolving rule,"[5] to which we would add *Jones* v. *Manns*, 33 Mass. App. Ct. 485, 490-492 (1992) (appellate rights preserved although appeal lodged in wrong court).[6]

---

[4]It should be added that a reading of what the parties have to say in short compass in their briefs about the substance of the defendants' appeal leaves us with the view that the appeal is "meritorious" in the narrow sense that it is "worthy of presentation to a court, not one which is sure of success." *Jones* v. *Manns*, 33 Mass. App. Ct. 485, 493 n.9 (1992) (citations omitted).

[5]*Gilmore* v. *Gilmore*, 369 Mass. 598, 602, 603 (1976). *Lewis* v. *Emerson*, 391 Mass. 517, 519-520 (1984). *Reiter Oldsmobile, Inc.* v. *General Motors Corp.*, 6 Mass. App. Ct. 637, 640 n.7 (1978). *Bevel-Fold, Inc.* v. *Bose Corp.*, 9 Mass. App. Ct. 576, 579-580 (1980). *Abbott* v. *John Hancock Mut. Life Ins. Co.*, 18 Mass App. Ct. 508, 510-516 (1984).

[6]This court in *Abbott* v. *John Hancock Mut. Life Ins. Co.*, 18 Mass. App. Ct. 508, 515 (1984), spoke of "the comparative rigidity of the Federal rules on the subject of late appeals" and, in contrast, "the generally more flexible construction of procedural requirements under Massachusetts practice." It may be noted that the unfortunate rigidity that had developed in the application of certain features of rule 77(d) of the Federal Rules of

The order of dismissal of the defendants' appeal is vacated, and the appeal is reinstated.

*So ordered.*

---

Civil Procedure was ameliorated in 1991 by an amendment of that rule, an amendment of rule 4(a) (6) of the Federal Rules of Appellate Procedure, and an addition of a subdivision (7). See 7 Moore's Federal Practice par. 77.05 (2d ed. 1993); 12 Wright, Miller & Elliott, Federal Practice and Procedure § 3084 (Supp. 1993).