Zobel, J.
On August 26, 1998, this Court entered final judgment for Plaintiff. The deadline for filing a notice of appeal, Mass. R.A.P. 4(a), thus fell on September 25, 1998, 30 days from the entry of final judgment.
During the run-up to that date, Defendants’ attorneys had been negotiating with Defendant Yerardi over the amount and (equally important) the receipt of a retainer, which latter was, understandably, a precondition to the filing.
Only after arrival of an appropriate check at 3:10 p.m., September 25, did counsel prepare the notice and send it, via courier, to the Middlesex County Courthouse. The narrative of what happened next depicts events in the light most favorable to Defendants.
Arriving at approximately 4:18 p.m., the messenger found the Civil Clerk’s Office open but void of anyone to accept delivery of the notice. Indeed, as he approached the office, a woman exiting told him that the office was closed, i.e., that no more business would be transacted that day. The courthouse itself was open, and security personnel were posted at the ground floor entrance. Moreover, the Clerk’s office would normally remain open for business until 4:30 p.m.
Analysis begins with one simple fact: Defendants failed to timely file notice of appeal of the final judgment, see Mass. R.A.P. 4(a). An appellant may file late only after demonstrating excusable neglect, id. Defendant here does not qualify, compare Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass.App.Ct. 570, 573-74 (1993).
Excusable neglect comprises extraordinary circumstances , Abbott v. John Hancock Mutual Life Insurance Co., 18 Mass.App.Ct. 508, 515 (1984), such as a party’s not receiving notice of final judgment, at all, see, Bushnell v. Bushnell, 393 Mass. 462, 475 (1984). By Defendant’s own account, the last-minute scenario resulted solely from the delay in furnishing counsel with the requisite retainer. Even then, the notice arrived at the courthouse before the normal closing hour which any attorney would be expected to know. Further, the attorney would be expected to understand that, since the office was still open, any employee in the office would be bound to accept the notice.
The circumstances of the messenger’s failed efforts do not amount to excusable neglect. First, he made no effort to leave the notice at the clerk’s office, which was apparently physically open, even though the messenger could not locate anyone with whom to entrust the paper, see, Samuels v. SUFA Corp., 38 Mass.App.Ct. 922 (1995) (rescript). Any super-precautionary instruction from counsel to obtain a receipt is irrelevant to the validity of the filing. That is, the messenger’s failure to secure the signature the attorney had directed him to obtain, would not negate the filing, or even adversely affect it.
*287 Second, an attorney, as I have indicated, would have known how to effect timely filing.
Third, even if the office were in fact closed, with no one at hand to accept the notice physically, someone on Defendant’s behalf could (and should) have sought the Clerk-Magistrate or an Assistant Clerk (at home, if necessary) and filed the appeal with him or her, see Mass.R.Civ.P. 77(a) and Reporters’ Notes. The hired messenger might not understand this, but an attorney certainly should have. Moreover, even if the messenger returned to the office with a report of the courthouse doings (or lack of doings), an attorney would have known to pursue the hunt immediately. This is not, therefore, a case of “ ‘a procedural tangle having its origin in a failure by the court’ [or a court clerk],” Standard Register Co. v. Bolton-Emerson, Inc., supra, at 574.
Fourth, Defendant’s delay in accomplishing a proper retainer of counsel is, to the extent that it caused the emergency, no excuse at all. Moreover, once the retainer arrived, albeit late in the day, nothing prevented counsel’s personally carrying the notice from the attorneys’ Boston office to the Middlesex County courthouse. Instead, counsel, acting on Defendant’s behalf, and for whatever reason, relied on a non-lawyer messenger. Defendant therefore, is ultimately responsible for the messenger’s default.
Because the record is bare of any appropriate justification for the failure to file on time, I decline, as a matter of discretion, to allow late filing of the notice to appeal.
ORDER
Accordingly, it is Ordered, that defendants’ Emergency Motion to Allow Late Filing of Notice of Appeal be, and the same hereby is, Dented.