BJ's Wholesale Club, Inc., & others[1] *vs.* City Council of
Fitchburg.

No. 00-P-1807.

Worcester. May 18, 2001. - September 21, 2001.

Present: Greenberg, Gillerman, & Doerfer, JJ.

*Practice, Civil,* Appeal, Notice of appeal, Enlargement of time, Intervention.

An individual who did not check docket entries regarding a motion to
intervene, but instead relied on the duty of the clerk to send notice of
orders, failed to establish grounds to extend the time to file an appeal on
the basis of excusable neglect. [587-589]

Civil action commenced in the Superior Court Department on
March 10, 1999.

On transfer to the Worcester Division of the Housing Court
Department, motions to intervene and to extend the time for fil-
ing an appeal were heard by *John G. Martin,* J.

*Acheson H. Callaghan* for Carol Y. Bingham, trustee.

*David S. Weiss* for BJ's Wholesale Club, Inc., and another.

*Michael J. Ciota,* City Solicitor, for the defendant, was
present but did not argue.

Doerfer, J. Carol Bingham, trustee of 80 Erdman Way Realty
Trust, filed a motion to intervene in this matter that was denied
on July 14, 2000. She did not file a timely notice of appeal
under Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999).
Although Bingham's motion to extend time for filing an appeal
was timely (i.e., brought within thirty days after the expiration
of the time for appeal), we hold that the judge who denied the
motion did not commit an abuse of discretion in finding that

---

[1]Natick MA Realty Corp. and Carol Y. Bingham, trustee of the 80 Erdman
Way Realty Trust.

Bingham had failed to establish excusable neglect under Mass. R.A.P. 4(c), as amended, 378 Mass. 928 (1979). We affirm.[2]

This matter began as an appeal by BJ's Wholesale Club, Inc. (BJ's), and Natick MA Realty Corp. (Natick MA Realty) from the denial of their application to the Fitchburg city council (council), acting as a special permit granting authority, for a special permit to build a gas station in the parking lot of BJ's Fitchburg store.[3] After the Housing Court remanded the matter,[4] the city council voted to reverse its original determination and to grant the special permit. That decision was filed in the city clerk's office on September 21, 1999.

Bingham holds property abutting BJ's Fitchburg store. Bingham was not originally a party to BJ's and Natick MA Realty's appeal from the council's decision because Bingham was satisfied with the denial of the special permit. When the council reversed itself, Bingham filed an appeal in a separate action.[5] That appeal was dismissed for failure to file a copy of the complaint in the city clerk's office within the applicable time period.[6]

Alarmed by the fate of that appeal, Bingham then sought to intervene in this matter by a motion dated June 12, 2000. Although BJ's and Natick MA Realty had reached a successful result with the council, their appeal in the Housing Court was still pending at the time Bingham's motion was filed. On July 13, 2000, the day before the motion was argued, the original parties to this case filed a stipulation of dismissal. A Housing Court judge heard the motion on July 14, 2000, and denied it in a memorandum of decision dated the same day. There is a

---

[2]We do not reach the merits of the motion to intervene, although briefed by the parties.

[3]The appeal was initially filed in the Worcester Superior Court and then transferred to the Worcester Housing Court.

[4]The order of remand was "for purposes of holding further hearings and/or making additional, supplemental or amended findings." The court's order further stated that "[t]his Order of Remand shall not be a final disposition of this action, and the Court shall continue to have jurisdiction over this appeal."

[5]The complaint was filed in the Land Court and then transferred to the Worcester Housing Court.

[6]The dismissal of Bingham's appeal was affirmed by this court in *Bingham v. City Council of Fitchburg, ante* 566 (2001).

docket entry dated July 14, 2000 stating as follows: "Motion to Intervene Denied."

Although the court's ruling was dated and entered July 14, 2000, written notice of that action was not received by Bingham's counsel until sometime around September 6, 2000. On September 12, 2000, Bingham filed a motion to extend the deadline for filing an appeal under Mass.R.A.P. 4(c), or, in the alternative, for relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). In support of this motion, Bingham filed an affidavit from a secretary in the office of counsel for Bingham alleging that the secretary had called the Housing Court on two occasions in August but had been informed that the motion was still under advisement even though, in fact, the docket as of July 14, 2000, showed that the motion to intervene had been denied that day. The secretary put no precise date on these calls, and no other evidence was offered by Bingham as to the precise date of these inquiries.

The judge, in denying the motion to file a late appeal, found that "[p]art of the problem is that counsel for [Bingham] persists [in] naming this case (97CV0252) as Carol Bingham, as Trustee of 80 Erdman Realty Trust v. City Council of Fitchburg when in fact the docket number for that case is 99CV0785. The parties to this case are BJ's Wholesale Club and Natick MA Realty Corp. v[.] the named members of the Fitchburg City Council. 99CV0785 is under appeal to the Appeals Court. If the inquiries in August 2000 were under [*sic*] erroneous case name there would not have been a docket entry for a motion to intervene in 99CV0785." Bingham does not challenge this finding of the judge on appeal.

*Discussion.* The denial of the motion to intervene was an appealable order. *Massachusetts Fedn. of Teachers* v. *School Comm. of Chelsea*, 409 Mass. 203, 204 (1991). A notice of appeal must be filed within thirty days from the date of the entry of the order or judgment being appealed. Mass.R.A.P. 4(a). It is undisputed that Bingham failed to meet this deadline. Under rule 4(c), the court may extend the time to file appeal for excusable neglect, but in no event for more than an additional thirty day period. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613 (1981). "Excusable neglect requires 'circumstances that are

unique or extraordinary,' . . . [and] 'is [meant] to take care of emergency situations only.' " *Id.* at 613-614 (citations omitted).

Any relief from the limited time provided by Mass.R.A.P. 4(a) to file an appeal rests in the sound discretion of the trial court. See *Fergione* v. *Minuteman Regional Vocational Tech. Sch. Dist.*, 396 Mass. 1015 (1986) (abuse of discretion where trial judge had no basis in record to support finding of excusable neglect for failure file late appeal); *Karen Constr. Co.* v. *Lizotte*, 396 Mass. 143, 146 (1985) (no abuse of discretion where trial judge denied motion to dismiss appeal); *Standard Register Co.* v. *Bolton-Emerson, Inc.*, 35 Mass. App. Ct. 570, 573-574 (1993) (abuse of discretion where trial judge dismissed appeal).

As noted in *Abbott* v. *John Hancock Mut. Life Ins. Co.*, 18 Mass. App. Ct. 508, 513 (1984), we do not find excusable neglect in the "simple case of reliance by the parties on the clerk's duty to send notice of orders" where they had neglected "their obligation to check the docket entries periodically." See Mass.R.Civ.P. 77(d), as appearing in 423 Mass. 1411 (1996). Bingham here claims, in substance, not to have relied on the clerk to send her notice, but to have acted diligently to inquire about the status of the motion and to have been given incorrect information by the clerk's office. The judge, however, exonerated the clerk's office by noting that counsel's insistence on referring to this case (in which it sought to intervene) by the name of its own appeal (which had been dismissed) caused part of the confusion.

Furthermore, Bingham's best evidence of diligence is an affidavit stating that an inquiry to the clerk's office had been made sometime in August, at which time the clerk's office had informed Bingham (erroneously) that the matter was under advisement. Thus, Bingham did not show that an inquiry had been made of the clerk's office before August 14, the day the thirty day appeal period had run. Up until the time of making that first inquiry, Bingham was simply relying on the duty of the clerk to mail notices.

We cannot say with any assurance that, had counsel's inquiries been made prior to August 14, the accurate status of the matter would not have been disclosed. The correct docket entry

had been made on July 14 and was always available for transmission to counsel's secretary if a proper inquiry had been made. The entry was also discernable by a personal inspection of the docket. We note that the correct information was given by the clerk's office in September, and there is no showing that the docket did not always contain the correct information.

The fact that Bingham met the additional thirty day period in which to file a motion under rule 4(c) deadline does not diminish the need to show diligence during the initial thirty day appeal period. Bingham's quick recovery from the original inexcusable neglect does not render that initial neglect excusable, which is a predicate for holding the door open for an additional thirty days.

The judge acted within his discretion in deciding that Bingham had failed to show excusable neglect. The denial of the motion of Bingham to extend time for filing an appeal or in the alternative for relief under rule 60(b) is affirmed.

*So ordered.*