Agnes, A.J.
1. This is a medical malpractice case/wrongful death case which was tried to a jury which returned a verdict for the defendant on special questions on May 14, 2003. Judgment for the defendants was entered on the following day. A motion for a new trial under Mass.R.Civ.P. 59 was heard and denied by the trial judge (McCann, J.) “for all the reasons set forth in both oppositions.” The Clerk’s Notice that was mailed to the parties bears the date of June 23, 2003 and states that the motion for a new trial was denied on June 18, 2003. Exhibit B to the Defendant’s Memorandum of Law. There is no dispute that this notice was mailed to counsel for the plaintiff on June 23, 2003 and received shortly thereafter in the regular course of the mails. The plaintiff mailed her notice of appeal on or about July 22, 2003 and it was received by the Clerk on July 24, 2003. The defendants have filed a motion to dismiss the appeal filed by the plaintiff on grounds that it was not filed in a timely manner under Mass.R.App.P. 4(a).
2.The parties agree that there is a 30-day period within which an appeal from the denial of a motion for a new trial must be filed in order to be timely. Mass.R.Civ.P. 4(a) (“In a civil case, unless otherwise provided by statute, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from ... If a timely motion ... is filed . . . under Rule 59 for a new trial. . . the time for appeal for all parties shall run from the entry of the order denying a new trial . . .”). In the normal course of events, there is a delay between the entry of a judgment or an order of the court and the notice of the court’s action that is mailed to the parties. See Mass.R.Civ.P. 77(d) (“[T]he clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail . . . upon each party . . .”). Given the increasing burdens placed upon the office of the Clerk of the Superior Court due to the ever increasing complexity of litigation and the reductions in staff experienced in recent years, the delays may be significant in some cases. However, that was not the situation in this case. There is a well established distinction between the date of entry of the order that is the subject of an appeal and the date of the Clerk’s notice of the action taken by the court. See Commonwealth v. Guaba, 417 Mass. 746, 751-52 (1994) (explaining and emphasizing that the date of entry of a court order is the date of the judge’s decision, not the date when received or the date of a notice supplied by the clerk). Here, the plaintiff had 30 days from June 18, 2003, not June 23, 2003, within which to file a notice of appeal with the Clerk.
3. The defendants maintain that the date of filing of the notice of appeal is July 24, 2003, which is more than 30 days from the date of the order appealed from and which, therefore, makes it untimely under Mass.R.App.P. 4(a). The plaintiff, on the other hand, maintains that her notice of appeal was filed in a timely manner because the date of entry should be regarded as June 23, 2003 and not June 18, 2003, and further that by mailing the notice on July 22, 2003 she automatically gained three days under the “mailbox” rule set forth in Mass.R.Civ.P. 6(d) or Mass.R.App.P. 14(d). The mailbox rule has no application to the filing of a notice of appeal because that rule obtains only when “a party is required or permitted to do an act within a prescribed period after service of a paper upon him.” Mass.R.App.P. 14(c). The filing of a notice of appeal is not an act that bears any relationship to the “service of a paper” by the clerk. In a case such as this involving an appeal from the denial of a motion for a new trial, it is triggered by the entry of an order by the court. See Commonwealth v. White. 429 Mass. 258, 262 (1999).
4. In the alternative, the plaintiff maintains that her appeal should be permitted to proceed under the terms of Mass.R.App.P. 4(c) which authorizes an enlargement of time for filing a notice of appeal “for a period not to exceed thirty days from the expiration of the time otherwise prescribed by these rules ... [even] after such time has expired.” “Excusable neglect,” according to the plaintiff, embraces situations like the *158 present case “where a reasonable, but incorrect, interpretation of the Rules is relied upon.” Plaintiffs memorandum in Opposition at 2, citing Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass.App.Ct. 570 (1993). In Standard, the Appeals Court observed that “though procedural law has some claims of its own, its main function is to facilitate adjudication on the meritsnot to abort such inquiry and decision. The courts of the Commonwealth have long been committed to this understanding of the subject. As applied to appeals, our court has spoken of‘the evolving rule that a procedural tangle having its origin in a failure by the court’here we may include the court clerk’to observe the mandates of rules will generally be resolved in favor of preserving rights of appeal where this result is technically possible and does not work unfair prejudice to other parties.’ ” Standard, 35 Mass.App.Ct. at 574, quoting from Krupp v. Gulf Oil Corp., 29 Mass.App.Ct. 116, 121 (1990). This case does not involve a “procedural tangle” of any sort. Thus, the question boils down to whether a misreading of the procedural rules by counsel constitutes excusable neglect.
5. The general understanding of excusable neglect is “something other than ‘oops, I forgot.’ It is meant to apply to circumstances that are unique or extraordinaiy, not any ‘garden-variety oversight.’ ” Tai v. City of Boston, 45 Mass.App.Ct. 220, 222 (1998). See also Goldstein v. Barron, 382 Mass. 181, 186 (1980); Abbott v. John Hancock Mutual Life Insurance Co., 18 Mass.App.Ct. 508, 515 (1984). A consideration of the cases dealing with the concept of excusable neglect establishes that there are situations in which a mistake by counsel about a deadline or the applicability of a rule will not be regarded as excusable neglect. See Goldstein v. Barron, 382 Mass. 181, 186 (1980) [“Aflat mistake of counsel about the meaning of a statute or rule may not justify relief; relief is not extended to cover any kind of garden-variety oversight.” Pasquale v. Finch, 418 F.2d 627, 630 (1st Cir. 1969) (construing “excusable neglect” in Fed.R.App.P. 4 [a])]. On the other hand, in the context of the late filing of a notice of appeal following the filing and disposition of posttrial motion, the Supreme Judicial Court recognized the discretion that is vested in trial judges charged with assessing the parameters of “excusable neglect.” In Karen Construction Co. v. Lizotte, 396 Mass. 143 (1985), the Supreme Judicial Court dealt with a case in which the notice of appeal was filed 13 days late based on the mistaken view that a party's “Motion to Alter Judgment as to Interest Only” was brought under Mass.R.Civ.P. 59(e) and thus tolled the appeal period. The Court concluded that such a posttrial motion did not toll the period within which a notice of appeal had to be filed, but that the trial judge’s decision to regard counsel’s error as “excusable neglect” was not an abuse of discretion. The Court made the following observation:
In construing the “excusable neglect” requirement of Mass.R.A.P. 4(c), we stated in Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981), that mistakes of counsel regarding the meaning of a rule may not justify relief. We also have stated, however, that “[wjhile the new rules [of appellate procedure] still include many time limitations for doing specified acts, they also include provisions giving the courts broad discretion and authority to permit a deserving party, on a showing of ‘excusable neglect’ ... to prosecute an appeal notwithstanding his failure to comply with a procedural time limitation.” Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315-16 (1975). Given the broad discretion granted to the judge in this matter and the opportunity he had to hear counsel’s argument, we cannot say that he abused his discretion in denying the builder’s motion to dismiss the owner’s appeal.
Karen, 396 Mass, at 147 (emphasis added). See also BJ’S Wholesale Club v. City of Concord, 52 Mass.App.Ct. 585, 588 (2001) (“Any relief from the limited time provided by Mass. R.A.P. 4(a) to file an appeal rests in the sound discretion of the trial court”).
ORDER
Procedural rules should be interpreted in a manner that promotes “the just, speedy and inexpensive determination of every action.” Mass.R.Civ.P. 1. However, these goals do not always converge in terms of the correct application of procedural rules. Here, the defendants point out that they will be prejudiced by a decision to permit the appeal to go forward because they prevailed at trial and the trial judge saw no merit to the plaintiffs motion for a new trial. An appeal may involve great expense and often produces or increases the anxiety felt by the parties. An appeal has the effect of leaving the dispute in a somewhat unsettled state and that may have ramifications beyond the immediate interests of the parties. On the other hand, appeals in civil and criminal cases are a routine part of the litigation process that lawyers customarily discuss with their clients at the outset of the litigation. In some cases, an appeal may be the only method of bringing about genuine closure for the parties involved in a legal dispute.
In circumstances in which a showing is made that an appeal is utterly lacking in any merit, courts should be reluctant to excuse procedural defaults. However, the record before me does not allow for an accurate assessment of the merits of the appeal. Having heard plaintiffs counsel’s argument, especially his claim, which is not contradicted by the record, that the delay of several days in filing the notice of appeal was due to a misinterpretation of several procedural rules and not due to neglect, I find and rule, in the exercise of my discretion, that the interests of justice take precedence over considerations of expense and delay, and that the delay in filing the notice of appeal was due to “excusable neglect” within the meaning of *159 Mass.R.Civ.P. 14(c), and, therefore, I extend the time for filing said notice with the effect that the notice is this case shall be regarded as filed in a timely manner. Accordingly, the defendants’ motion is DENIED.