NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-627

KIMBERLY WOODS

vs.

THE HANOVER INSURANCE GROUP, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kimberly Woods, appeals from a Superior Court summary judgment in favor of the defendant, The Hanover Insurance Group, Inc. (Hanover), concluding that Woods's G. L. c. 93A claim against Hanover for unfair insurance settlement practices under G. L. c. 176D was time barred.  Hanover cross-appeals from orders extending the time for Woods to file her notice of appeal and denying its motion to strike Woods's notice of appeal.  We affirm.

Background.  We draw the undisputed facts from the summary judgment record.  Woods's underlying claim was that, on or about December 15, 2013, she fell on a slippery sidewalk at Lincoln Plaza in Hingham.  Woods claimed that the owner and the operator of Lincoln Plaza, both of which were insured by Hanover, (collectively, the insureds), were negligent in not clearing the

sidewalk of snow and ice. On or about June 27, 2016, Woods sent a c. 93A demand letter to Hanover asserting that liability was reasonably clear and demanding $1,750,000 in damages. No later than August 15, 2016, Woods received a response from Hanover denying that its insureds were negligent and making no settlement offer.[1]

In December of 2016, Woods sued Hanover asserting a single count for violation of G. L. cc. 93A and 176D. Her amended complaint, filed shortly thereafter, added claims against the insureds for negligence as well as several cc. 93A and 176D claims against Hanover. Within a month thereafter, Woods voluntarily dismissed the claims against Hanover. On October 1, 2020, Woods and Hanover reached a $350,000 settlement and release agreement with respect to the negligence claims against Hanover's insureds; the release included a carve out for Woods's potential cc. 93A and 176D claims against Hanover, the effect of which is disputed. On December 1, 2020, Woods filed this action against Hanover.

---

[1] Hanover had also sent an earlier letter, dated July 20, 2016, and received by Woods on July 25, 2016, asserting that Hanover was "unable to respond" to Woods's demand, but also asserting that liability was not reasonably clear and making no settlement offer. Hanover contends that Woods's claim accrued when she received this letter. For purposes of this appeal we assume in Woods's favor, without deciding, that this letter did not cause Woods's claim to accrue.

2

Discussion. 1. Timeliness of Woods's appeal. Because it affects our jurisdiction, we turn first to the question whether, as Hanover seeks to establish through its cross appeal, Woods's appeal of the judgment was untimely. The judgment is set forth on a form, entitled "Summary Judgment," that includes a box labeled "Date Judgment Entered," and in that box appears the date, "03/22/2022." The judgment also bears a stamp that, although difficult to read in the copy before us, appears to say, "judgment entered on docket _____, pursuant to the provisions of Mass. R. Civ. P. 58 (a), and notice sent to parties pursuant to the provisions of Mass. R. Civ. P. 77 (d) as follows," with the date "March 29, 2022" handwritten in the blank space, and another handwritten notation, "notice sent 3-29-22." On the docket, the date given for the entry of summary judgment is "03/29/22." Woods's notice of appeal was docketed on April 26, 2022.

If the earlier of the two dates of entry appearing on the judgment itself (i.e., "03/22/2022") controlled, then Woods's notice of appeal, filed more than thirty days later, would be untimely. See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019). But the judgment itself also gives March 29, 2022, as the date of entry. It is the date of entry appearing on the docket, moreover, -- here "03/29/22" -- that generally controls, although occasionally there is reason to believe from

3

the face of the documents that the docket, the judgment itself, or both, may not accurately or unambiguously reflect the relevant dates.  See Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 571-572 (1993).  In Standard Register Co., the court, confronted with a particular set of such circumstances, concluded that it would have been an abuse of discretion to deny the appellant's motion under Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019), to enlarge the time to file its notice of appeal.  See Standard Register Co., supra at 572-574.

Here, when Hanover raised the timeliness issue in the Superior Court, Woods moved for and obtained an order under rule 4 (c) extending the time to file her notice of appeal.  Hanover has cross-appealed from that order and from the related order denying its motion to strike Woods's notice of appeal.  We conclude that the circumstances here are sufficiently akin to those in Standard Register that the judge here did not abuse her discretion in allowing Woods's motion for an extension of time and in denying Hanover's motion to strike.  The appeal is therefore timely.

2.  Merits of Woods's appeal.  Our review of the summary judgment is de novo, meaning we consider all of the evidence that was before the motion judge anew, drawing all reasonable

4

inferences therefrom in a light most favorable to the nonmoving party, Woods. See Miller v. Cotter, 448 Mass. 671, 676 (2007).

Woods's claim under cc. 93A and 176D was subject to a four-year statute of limitations. See G. L. c. 260, § 5A; Schwartz v. Travelers Indem. Co., 50 Mass. App. Ct. 672, 676 (2001). The running of the limitations period was tolled for a 106-day period, from March 17, 2020, through June 30, 2020, by the Supreme Judicial Court's COVID-19-related orders. See Shaw's Supermarkets, Inc. v. Melendez, 488 Mass. 338, 341-342 (2021). Accordingly, for Woods's complaint filed on December 1, 2020, to have been timely, Woods's claim must have accrued no more than four years and 106 days earlier, that is, no earlier than August 17, 2016.

a. Accrual of claim. A G. L. c. 93A claim accrues "when the plaintiff knew or should have known of appreciable harm resulting from" the defendant's alleged c. 93A violation. International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221 (1990). Importantly, as a general matter, "[t]he plaintiff need not know the full extent of the injury before the statute starts to run." Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990). See International Mobiles Corp., supra at 217-218, 221. Nor need a plaintiff know, in order for a claim to accrue, that a defendant has violated a legal duty. Bowen, supra at 206. "The 'notice'

5

required is not notice of every fact which must eventually be proved in support of the claim." Id. at 207, quoting White v. Peabody Constr. Co., 386 Mass. 121, 130 (1982) (negligence claim).[2] Even under the more plaintiff-friendly "discovery rule," our law "does not require discovery of each of the elements of the cause of action -- duty, breach, causation, and damages [--] before the limitations clock . . . starts ticking." Malapanis v. Shirazi, 21 Mass. App. Ct. 378, 382 (1986) (discussing G. L. c. 260, § 4).

Rather, once a plaintiff has "(1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was," her claim accrues. Bowen, 408 Mass. at 208. "Thus on notice, the potential litigant has the duty to discover from [counsel and other sources with relevant knowledge] whether the theory of causation is supportable and whether it supports a legal claim." Id., quoting Fidler v. Eastman Kodak Co., 714 F.2d 192, 199 (1st Cir. 1983). The potential litigant has the duration of the limitations period -- here, four years -- to explore these issues and thus decide whether to file suit.

_____

[2] "The accrual date for a c. 93A cause of action is determined by the same principles dispositive of the accrual dates of general tort actions." International Mobiles Corp., 29 Mass. App. Ct. at 221.

To determine when the claim accrued here, we turn to the particular provision of c. 176D still at issue.[3]  Woods's specific c. 176D claim was that Hanover had "[f]ail[ed] to effectuate [a] prompt, fair and equitable settlement[] of [a] claim[] in which liability has [become] reasonably clear." G. L. c. 176D, § 3 (9) (f).  A commonsense interpretation of this language is that a claim for its violation accrues, at least in the circumstances presented here,[4] when a plaintiff informs an insurer that its insured caused injury to the plaintiff, and that the insurer's liability is reasonably clear, yet the insurer does not make a prompt,[5] fair, and equitable settlement offer.  The insurer's failure to do so necessarily causes the plaintiff harm, by depriving the plaintiff, at least for the time being, of compensation for the injuries suffered.[6]

---

[3] At summary judgment, Woods agreed to the dismissal of her claim against Hanover under G. L. c. 176D, § (3) (9) (g). Accordingly, that claim is not before us.

[4] We do not attempt any comprehensive statement of when a claim under § 3 (9) (f) and c. 93A accrues.

[5] With regard to promptness, "c. 176D, § 3 (9) (f), and G. L. c. 93A, § 9, together require an insurer such as the defendant promptly to put a fair and reasonable offer on the table when liability and damages become clear, either within the thirty-day period set forth in [the demand letter provision of] G. L. c. 93A, § 9 (3), or as soon thereafter as liability and damages make themselves apparent."  Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 566 (2001).  See id. at 568.

[6] Notably, "[a]n insurer's statutory duty to make a prompt and fair settlement offer does not depend on the willingness of a

7

"Whether a settlement is eventually reached or not, . . . when an insurer wrongfully withholds funds from a claimant, it is depriving that claimant of the use of those funds," and this constitutes injury for c. 93A purposes. Clegg v. Butler, 424 Mass. 413, 419 (1997).

At that point, the claim accrues. The plaintiff then has four years within which to further develop her evidence of the insured's clear liability, of the insurer's failure to make a fair and equitable settlement offer, and of her own damages. The plaintiff may, if she wishes, furnish that further evidence to the insurer, and make a renewed demand for a reasonable settlement, before deciding whether to file suit. If she does file suit, she will be called upon to prove the insurer's violation of G. L. c. 176D, § 3 (9) (f), and the amount of her resulting damages.[7] But her ability to allege some damages -- in the form of delay in receipt of whatever amount she asserts the insurer owes her -- existed from the moment she learned her

_____

claimant to accept such an offer." Hopkins, 434 Mass. at 567. "Accordingly, quantifying the damages for the injury incurred by the plaintiff as a result of the defendant's failure under G. L. c. 176D, § 3 (9) (f), does not turn on whether the plaintiff can show that she would have taken advantage of an earlier settlement opportunity." Id.

[7] As stated supra, Woods in fact did include a claim under § 3 (9) (f) and c. 93A against Hanover in her December 2016 complaint against the insureds, but soon thereafter she voluntarily dismissed all cc. 93A and 176D claims against Hanover.

8

initial demand was refused.  Her claim accrued no later than that time.

Of course, the pendency and progress of an underlying suit against the insured cannot be ignored.  And "[i]t is a common practice to stay discovery and trial of a [c.] 93A unfair claims settlement practices case until the underlying claim has been resolved."  M.C. Gilleran, The Law of Chapter 93A § 9.36 & n.188 (2d ed. 2007 & Supp. 2022).  In such a case, once that resolution occurs, a plaintiff who goes on to pursue her c. 93A claim and establishes the insurer's violation of § 3 (9) (f) is entitled to damages, including "interest on the loss of use of money that should have been, but was not, offered in accordance with G. L. c. 176D, § 3 (9) (f), if that sum is in fact included in the sum finally paid to the plaintiff by the insurer."  Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 567 (2001).  "It is this amount of money that has been wrongfully withheld from the plaintiff, and it is this sum on which the defendant must pay interest to remedy its wrongdoing."  Id.

Woods correctly observes that this interest amount cannot be known with certainty until the plaintiff's ultimate recovery from the insurer is known.  But it does not follow, as Woods argues, that she could not allege any harm, and thus that her claim did not accrue, until she reached her settlement with Hanover on October 1, 2020.  Instead, she knew no later than

9

August 15, 2016, when she received Hanover's letter failing to make a settlement offer, that Hanover would at a minimum be delaying any payment to her of the amount of damages to which she believed she was entitled.  By then she was on notice that Hanover's conduct had caused what she believed to be harm to her, and thus her claim accrued by that date.  Her filing of the complaint against Hanover on December 1, 2020, was untimely.

b.  Continuing violation.  We are unpersuaded by Woods's further argument that her suit is nevertheless timely as to Hanover's continued failure to settle from the time of its August 2016 letter up until the October 2020 settlement.  Woods asserts that events during that period, such as the completion of discovery on the underlying negligence claim in 2019, gave Hanover new reason to conclude that liability was reasonably clear, and that Hanover's failure to act on that information by making a reasonable settlement offer constituted a violation of cc. 93A and 176D as to which Woods's complaint was timely.

Woods's argument relies entirely on Monteferrante v. Williams-Sonoma, Inc., 241 F. Supp. 3d 264 (D. Mass. 2017), which discussed the timeliness of claims under G. L. c. 93A and G. L. c. 93, § 105.  In Monteferrante, the Federal District Court judge stated that "[u]nder the 'continuing violation' doctrine, if a defendant engages in continuous or repeated pattern of unlawful acts, each such act 'rewinds the clock,' for

10

limitations purposes, as to the others."  Id. at 271-272.  The judge cautioned, however, that "in determining whether there is a 'continuing violation' that extends the statute of limitations, courts must be careful to differentiate between [the unlawful] acts and the ongoing injuries which are the natural, if bitter, fruit of such acts, which do not restart the clock" (quotation and citation omitted).  Id. at 272.

Woods contends that Hanover acted unlawfully by "[f]ailing to effectuate [a] prompt, fair and equitable settlement[] of [a] claim[] in which liability has become reasonably clear."  G. L. c. 176D, § 3 (9) (f).  But we do not view each new day on which Hanover failed to settle Woods's claim as an additional act that could trigger liability.  Woods had only one claim -- that Hanover had failed to effectuate a prompt, fair, and equitable settlement of Woods's personal injury claim, as to which she believed that, at the time of her June 27, 2016, demand letter, liability had become reasonably clear.  Once Woods learned that Hanover had failed to settle, her claim against Hanover accrued.  That Woods might thereafter furnish Hanover with information that in Woods's view made liability even clearer than before, yet still did not prompt Hanover to make a reasonable settlement offer, cannot create a new claim.

The harm suffered each day as a result of Hanover's failure to settle is better viewed as an ongoing injury, i.e., "the

11

natural, if bitter, fruit" of Hanover's original alleged violation, the claim for which accrued outside the limitations period.  Monteferrante, 241 F. Supp. 3d at 272.  The continuing violation doctrine does not permit a plaintiff to sue for each day the original injury is manifested.  "This would eviscerate the purpose of a statutory limitations period, and permit what should be a limited exception to such a stricture to swallow it whole."  Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination, 441 Mass. 632, 645 (2004).  Cf. Everett v. 357 Corp., 453 Mass. 585, 603 n.24 (2009).

c.  Settlement carve out.  Woods asserts that a provision in the release agreement settling the underlying negligence claims against Hanover's insureds preserved Woods's ability to bring this suit against Hanover itself.  Although there was such a provision, it did not include any agreement tolling the statute of limitations or waiving Hanover's right to assert a statute of limitations defense should Woods pursue her claim. The provision stated in pertinent part only that Woods "reserve[d] her rights to pursue any claims against Hanover . . . pursuant to [G. L. c.] 93A and/or 176D.  [Woods] acknowledges that Hanover . . . also reserves [its] rights to defend any such claim and that Hanover . . . expressly den[ies] any liability."  Nothing in this provision saves Woods's

12

untimely complaint from the application of the statute of limitations.

Conclusion. The judgment dismissing Woods's complaint as untimely is affirmed. The orders allowing Woods's motion for an extension of time for filing a notice of appeal and denying Hanover's motion to strike Woods's notice of appeal are affirmed.

So ordered.

By the Court (Sullivan, Sacks & Ditkoff, JJ.[8]),

Joseph F. Stanton

Clerk

Entered: April 14, 2023.

---

[8] The panelists are listed in order of seniority.

13