NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-523

JOHN FRENCH

vs.

COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment entered in the Superior Court dismissing his negligence complaint and from an order denying his motion for relief from judgment.  He argues that he did not receive a notice of a status review informing him that the complaint would be dismissed if he did not respond. We affirm.

Background.  On April 5, 2018, the plaintiff filed a complaint alleging that employees of the Commonwealth were negligent in failing to remove snow and ice from the roof of a building at MCI-Gardner, and the snow and ice slid off the roof, seriously injuring him.  The Commonwealth filed an answer to that complaint on November 5, 2018.

The case lay dormant until August 20, 2021, when the Superior Court issued a notice of status review of the docket

which required the plaintiff to indicate the status of the case (e.g., whether the case was ready for trial or needed a pretrial conference) and return the completed notice to the court. The order stated in boldface type, "[i]f a copy of this notice is NOT received by 09/17/2021, the complaint will automatically be dismissed." The plaintiff did not return a copy of the notice.

On February 12, 2022, a judgment of dismissal issued pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977), which was entered on the docket on February 15, 2022, with notice sent to the parties pursuant to Mass. R. Civ. P. 77 (d), as appearing in 476 Mass. 1402 (2017).

On February 23, 2022, the plaintiff moved for relief from judgment, unsupported by affidavit but asserting that "his attorney never received the Order for Status Review." A Superior Court judge denied the motion "for failure to file pursuant to Superior Court Rule 9A." The plaintiff appealed from the judgment and from the denial of his motion for relief from the judgment.

Discussion. The plaintiff argues that the dismissal of his complaint was reversible error because the dismissal did not comply with the one-year notice provision of Mass. R. Civ. P. 41 (b) (1), 365 Mass. 803 (1974). The Commonwealth counters that the complaint was dismissed for the plaintiff's failure to comply with the order set forth in the August 20, 2021 notice of

2

status review; moreover, dismissal without that one-year notice was permitted by the language of the rule, "unless the court on motion with or without notice shall otherwise order."  Mass. R. Civ. P. 41 (b) (1).  See OneBeacon Am. Ins. Co. v. Narragansett Elec. Co., 87 Mass. App. Ct. 417, 435-436 (2015) (Superior Court possesses "inherent power to manage [its] case load and enforce [its] lawful orders").  The Commonwealth further argues that dismissal was warranted, notwithstanding the plaintiff's counsel's claim that he never received the notice of status review, because the plaintiff's counsel failed to check the Superior Court docket for the nearly six-month period from August 20, 2021, to February 15, 2022.  See BJ's Wholesale Club, Inc. v. City Council of Fitchburg, 52 Mass. App. Ct. 585, 588 (2001).

As noted above, the plaintiff's motion for relief from judgment was not supported by an affidavit asserting that his counsel did not receive the notice of status review.[1]  The judge denied the motion for relief from judgment "for failure to file pursuant to Superior Court Rule 9A," which failure the plaintiff has not remedied.  See Rule 9A(b)(vii) of the Rules of the Superior Court (2018) ("The court need not consider any motion

---

[1] Contrary to the plaintiff's argument, the judge who denied the motion for relief from judgment did not preclude him from filing an affidavit.

. . . that fails to comply with the requirements of this Rule").[2] Neither the motion for relief from judgment nor the plaintiff's brief cites to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974), or makes the showing it requires to meet the plaintiff's burden to demonstrate excusable neglect.  See Hermanson v. Szafarowicz, 457 Mass. 39, 47 (2010) (judge not bound to accept defendant's self-serving statement that only notice of lawsuit he received was judgment of dismissal).  Contrast Monahan v. Washburn, 400 Mass. 126, 129 (1987) (vacating dismissal because plaintiff's absence at trial due to "legitimate illness").  Nor does the record reflect, even now, that the plaintiff has filed any response to the August 20, 2021 notice of status review.  We discern no error of law or abuse of discretion in the judgment

---

[2] Rule 9A sets forth the procedure for filing motions in Superior Court.  Before filing a motion, the moving party first "must serve" the motion on the opposing party. Rule 9A(a)(1).  Within ten days of service of the motion, the opposing party may serve a memorandum in opposition upon the moving party.  Rule 9A(a)(2), (b)(4).  Unless the moving party withdraws the motion, within ten days of service of the opposition, the moving party must file in Superior Court a package including the motion and any opposition.  Rule 9A(b)(2).

dismissing the complaint and the order denying the plaintiff's motion for relief from judgment.

So ordered.

By the Court (Henry, Grant & Brennan, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  October 11, 2023.

---

[3] The panelists are listed in order of seniority.