NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1229

FAYTHE HELEN PETRIN[1]

vs.

TIMOTHY WILLIAM PETRIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The wife appeals from an order issued by a Probate and Family Court judge denying her motion to reinstate her underlying appeal, which the register of probate (register) administratively dismissed for lack of prosecution pursuant to Rule 30 of the Supplemental Rules of the Probate and Family Court (2019) (Rule 30). We affirm.

Background. The wife's underlying appeal was from various contempt judgments and a modification judgment issued by the judge in February 2024. In the underlying proceedings, the wife sought to hold the husband in contempt for failing to pay fifty

---

[1] As is our custom, we set forth the parties' names as they appear on the joint petition for divorce, notwithstanding that the wife subsequently changed her surname.

percent of their children's extracurricular expenses and uninsured healthcare expenses, which he was ordered to do by a prior contempt judgment from 2021. The judge concluded that there was no clear and convincing evidence of the husband's disobedience of the 2021 contempt judgment with respect to the payment of certain extracurricular expenses. The husband and the wife disagreed on the total amount of money that the husband owed for those expenses, and the judge found the actual amount to be different than the amounts asserted by the parties. The judge therefore did not find the husband in contempt with respect to those expenses. However, the judge reviewed the evidence related to the children's expenses and ordered the husband to pay the wife $3,674.50, which was offset by a judgment of contempt issued simultaneously that found the wife to owe the husband $3,378.94, which resulted in an order that the husband shall pay the wife the difference of $295.56 on or before April 1, 2024. The wife filed a timely notice of appeal on March 21, 2024.

On May 23, 2024, the wife filed a statement certifying that she ordered the transcript of the underlying proceedings.[2] Pursuant to Rule 30, the wife was supposed to file the

_____

[2] The wife did not timely file the certification. See Mass. R. A. P. 9 (d) (2) (B), as appearing in 481 Mass. 1615 (2019) (appellant must file certification that transcript has been ordered within 14 days of filing notice of appeal).

transcript within six months of filing the certification that the transcript had been ordered. See Rule 30 of the Supplemental Rules of the Probate and Family Court (2019). She did not. On February 18, 2025, the register sent a written notice of intent to dismiss the wife's appeal for lack of prosecution, from which the wife had fourteen days to file a motion to enlarge the time to file the transcript. See Rule 30 of the Supplemental Rules of the Probate and Family Court (2019). She did not. After an additional ten days, the register administratively dismissed her appeal on March 14, 2025. The wife filed a motion to reinstate the appeal, which the judge denied after a hearing. On appeal, the wife argues that her failure to file a motion to enlarge the time to produce a transcript was excusable because her attorney never received the register's notice of intent to dismiss the underlying appeal.

Discussion. As an initial matter, we assume without deciding that the Probate and Family Court judge had the authority to deny the wife's motion to reinstate. Compare Caccia v. Caccia, 40 Mass. App. Ct. 376, 378-379 (1996) (Appeals Court reviewed merits of Probate and Family Court judge's denial of wife's motion to reinstate appeal), with Maciuca v. Papit, 31 Mass. App. Ct. 540, 545 (1991) ("The appropriate forum . . . for the [appellant's] attempt to undo the dismissal under rule 30 is

3

an appellate court, not the Probate and Family Court").
Regardless, we ultimately have discretion to consider or dismiss
the wife's underlying appeal. See Mass. R. A. P. 3 (a) (1), as
appearing in 481 Mass. 1603 (2019) ("Failure of an appellant to
take any step other than the timely filing of a notice of appeal
shall not affect the validity of the appeal, but shall be ground
only for such action as the appellate court deems appropriate,
which may include dismissal of the appeal").

To reinstate a civil appeal, an appellant "must show
(1) that the delay was caused by excusable neglect and (2) a
meritorious case on appeal (except where the delay was caused by
a lack of notice)." Howard v. Boston Water & Sewer Comm'n, 96
Mass. App. Ct. 119, 123 (2019). "[E]xcusable neglect is meant
to apply to circumstances that are unique or extraordinary, not
to any 'garden-variety oversight.'" Shaev v. Alvord, 66 Mass.
App. Ct. 910, 911 (2006), quoting Feltch v. General Rental Co.,
383 Mass. 603, 613-614 (1981).

Here, the wife has not demonstrated that her failure to
comply with Rule 30 was justified by excusable neglect. Rule 30
requires the register to send a notice of intent to dismiss the
appeal if the appellant "fail[s] to file the transcript of the
proceedings or the designated portion thereof within six (6)
months of filing the statement of certification" that the
transcript was ordered. Rule 30 of the Supplemental Rules of

4

the Probate and Family Court (2019). Thus, when the wife filed her certification on May 23, 2024, she was already on notice that she needed to file the transcript of the underlying proceedings within six months of that date (in November 2024).[3] The wife ultimately benefitted from additional time to file because the register did not send the notice of intent to dismiss the underlying appeal until February 2025.

Regardless of whether the wife's attorney ever received the register's notice of intent to dismiss the underlying appeal, the wife and her attorney had an obligation to monitor the docket. See BJ's Wholesale Club, Inc. v. City Council of Fitchburg, 52 Mass. App. Ct. 585, 588 (2001) (no excusable neglect in "simple case of reliance by the parties on the clerk's duty to send notice of orders where they had neglected their obligation to check the docket entries periodically" [quotation and citation omitted]); Samuels v. SUFA Corp., 38 Mass. App. Ct. 922, 923 (1995) ("an omission or neglect of the clerk's office does not absolve appellant's counsel of his responsibility 'to monitor the progress' of the pending appeal"

_____

[3] In light of our conclusion that the wife was on notice of the requirements of Rule 30, the wife's argument that a lack of notice deprived her of due process fails.

5

[citation omitted]).  Thus, the failure to timely file a motion to enlarge was not a result of excusable neglect.[4]

Order denying motion to
 reinstate appeal affirmed.

By the Court (Vuono, Henry &
 Singh, JJ.[5]),

Clerk

Entered:  June 1, 2026.

---

[4] The husband's request for attorney's fees is denied.  See Avery v. Steele, 414 Mass. 450, 455 (1993) ("Unpersuasive arguments do not necessarily render an appeal frivolous").

[5] The panelists are listed in order of seniority.